SIMM (EMERSON v.). See Case No. 4,443.

SIMM (KING v.). See Case No. 7,805.

SIMMES (McGUNNIGLE v.). See Case No. 8,817.

———

## Case No. 12,862.

### SIMMES v. MARINE INS. CO.

[2 Cranch, C. C. 618.] [1]

Circuit Court, District of Columbia. Nov. Term, 1825.

MARINE INSURANCE — INSURABLE INTEREST — FREIGHT—BILL OF LADING—DESTINATION OF VESSEL.

1. A person, for whose use a vessel worth $3.000 or $4.000 was built, and who held the builders' bond of conveyance of the same, upon the payment of $1,260, and who had the entire possession and use of the vessel, had an insurable interest in the freight, and truly represented himself to the underwriters as the owner of the vessel, although the register was in the name of the builder, and that fact not disclosed to the underwriters at the time of executing the policy.

2. Upon an open policy from St. Thomas to Havana, it was not necessary to disclose the fact that the vessel had sailed from Alexandria to Buenos Ayres, where a part of the cargo was discharged, and thence to St. Thomas.

3. The owner of a vessel is entitled to reasonable freight only, unless he shows an express contract for a specific sum, or price.

4. The bill of lading was not conclusive evidence of such a contract.

5. The bond of conveyance of the vessel, by the builder, to the plaintiff, was not conclusive evidence that the ownership, so far as the freight was concerned, was in the builder at the time of the insurance.

6. It was no valid objection to the plaintiff's recovering freight from the Danish island, St. Thomas, to the Spanish colony, Havana, that the vessel had been chartered at Buenos Ayres,

[1] [Reported by Hon. William Cranch, Chief Judge.]

then in a state of revolt against Spain, by Danish subjects, resident at St. Thomas, for a voyage from Buenos Ayres to Havana, with leave to stop at St. Thomas, where she did stop and changed her papers, and took a new bill of lading without unlading the cargo.

This was an action [by Alexander Simmes against the Marine Insurance Company of Alexandria] upon an open policy on freight of the schooner Eleanor Simmes, from St. Thomas to Havana, amounting to $3,100. The vessel was lost near Havana.

The facts of the case appeared to be, that the vessel was built by one Levin Stewart, for the plaintiff, who was master of the vessel, and who had her rigged at his expense. That she was delivered to the plaintiff by Stewart, who registered her in his own name, and gave the plaintiff a bond to convey her to him upon the payment of the balance due for the building of her, amounting to $1,260. The value of the vessel being between $3,000 and $4,000. The application for insurance called her the Eleanor Simmes, Alexander Simmes, master and owner.

Hewitt & Key, for plaintiff.

Taylor & Swann, for defendants.

Mr. Swann, for defendants, moved the court to instruct the jury, that the plaintiff had shown no insurable interest in the freight; but that if he had, the nature of his interest ought to have been disclosed. He contended that freight cannot be insured as freight by any person who is not the owner of the vessel, unless the nature of the plaintiff's claim for freight be disclosed to the underwriters at the time of executing the policy. That the plaintiff had no insurable interest in the freight, until he had paid the $1,260. Riley v. Delafield, 7 Johns. 522; Camden v. Anderson, Marsh. Ins. (Portland Ed.) 91.

Mr. Taylor, on the same side, contended that the plaintiff should also have disclosed the previous voyage from Buenos Ayres to St. Thomas. Murdock v. Potts, Marsh. Ins. 230.

Mr. Key, contra. The ownership may be proved by circumstantial evidence, and we have a right to contend before the jury, that the plaintiff is the owner notwithstanding the register is in the name of Stewart. Both Simmes and Stewart had an insurable interest in the vessel. She was worth $4,000, and only $1,260 were due to Stewart. Simmes rigged her at his expense, and fitted her out. Stewart must be considered as a mere mortgagee. He had an interest in the vessel to the extent of his $1,260, and no further. All the earnings of the vessel belonged to Simmes. He had the whole use of the vessel. Stewart could not have claimed the freight from the consignees. The fact that a part of the cargo was taken in at Buenos Ayres, does not affect the plaintiff's right to freight from St. Thomas to Havana. The courts of one nation do not enforce the revenue laws of another nation.

THE COURT refused to give the instruc-

tion, as prayed, but instructed the jury, in effect, that if they should be satisfied by the evidence that Levin Stewart only retained the legal title as his security for $1,260, and permitted the plaintiff to take possession of the vessel, and use it for his own benefit, and that the plaintiff rigged, fitted out, and furnished the said vessel at his own expense, for the voyage mentioned in the policy, and that the vessel was built for and sold to the plaintiff; then the plaintiff had an insurable interest in the freight, and the representation made by the plaintiff's agent to the underwriters was a sufficient disclosure of his interest.

The defendants' counsel then prayed the court to instruct the jury that the plaintiff could only recover a reasonable compensation for the freight.

THE COURT refused to give the instruction as prayed, but gave it with this qualification, to wit, unless the plaintiff should prove an express contract for a specific sum, fairly made; and that the bill of lading, although permitted by the defendants to be read in evidence, is not conclusive evidence of such a contract.

THE COURT also refused the defendants' prayer to instruct the jury, that the bond of conveyance of the vessel from Stewart to Simmes was conclusive evidence of the ownership being in Stewart, and that Simmes had not an insurable interest in the freight as owner, as represented in the written order for insurance.

THE COURT also refused the defendants' prayer to instruct the jury, that if they should find from the evidence, that the vessel was chartered at Buenos Ayres, by the agent of Burgurt and Ullhorn, Danish subjects, resident in the Danish Island of St. Thomas, for a voyage thence to Havana. with leave to touch at St. Thomas, where her cargo, after touching there, was not taken out; that Buenos Ayres was in a state of revolt against Spain, but claiming to be independent, and that Havana was in subjection to Spain; that her papers were changed at St. Thomas, and the bill of lading there signed, the voyage was illegal, and the plaintiff cannot recover upon this policy.

The verdict was for the plaintiff.

Bills of exception were taken, but no writ of error.